IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Pierce Moyaert, ) | No. CIV 05-3142-PHX-MHM (JI) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Warden Stearnes, et. al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Kim Pierce Moyaert ("Petitioner") filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. #1). The matter was referred to Magistrate Judge Jay R. Irwin for Report and Recommendation. Following Respondent's Answer, Magistrate Judge Irwin filed his Report and Recommendation with this Court. (Dkt. #14). Petitioner filed an objection to the Report and Recommendation on May 19, 2006. (Dkt. #15).

**I.  Standard of Review**

The Court must review the Magistrate Judge's legal analysis in the Report and Recommendation de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F. 3d 1114, 1121 (9th Cir. 2003) (en banc); see 28 U.S.C. § 636(b)(1)(C) ("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## II. Discussion

The Court has considered the pleadings and documents of record in this case. Petitioner was charged with two counts of theft, one for a vehicle and one for a cashier's check. (Respondent's Answer, Dkt. #11, Exhibit H). The State alleged one prior conviction in Maricopa County, Arizona in 1997. (Id., Exhibit B). Prior to trial, trial counsel motioned the court to dismiss the stolen check count because of discovery and best evidence deficiencies, but the trial court denied trial counsel's motion. (Traverse, Dkt. #13, Exhibit 5). Petitioner was subsequently acquitted of theft of the vehicle but found guilty of theft of the check. (Docket #11, Exhibits C and D). At sentencing, the State introduced testimony of a fingerprint examiner, who stated that Petitioner's fingerprints matched the fingerprints on a sentencing minute entry, and admitted printouts of the sheriff's booking records. (Id., Exhibit E at 7–8). Defense counsel objected to use of Petitioner's prior conviction in the sentencing phase because the sentencing enhancement was improper, the prior conviction was too old for consideration, and the booking records lacked adequate foundation to be admitted into evidence. (Id., Exhibit E at 11–14). The trial court rejected the argument, relied upon the prior conviction, and sentenced Petitioner to four and one-half years in prison. (Id., Exhibit H at 4).

Petitioner then filed a direct appeal, asserting two issues: (1) the State failed to satisfy one of the elements of the crime by failing to provide proof of the value of the stolen property; and (2) the State failed to prove that the prior conviction fell within the time limits for sentencing consideration. (Id., Exhibit F at 1). The Arizona Court of Appeals affirmed Petitioner's conviction and sentence. (Id., Exhibit H at 11). Petitioner asked for and received an extension of time to file a *pro se* petition for review by the Arizona Supreme Court, but Petitioner did not file a petition for review. (Id., Exhibits J and K).

Petitioner then filed a petition for post-conviction relief under Rule 32.1 of the Arizona Rules of Criminal Procedure claiming: (1) ineffective assistance of counsel at trial and on appeal; (2) the sentence imposed was not authorized; and (3) that the law had changed substantially between the time Petitioner was sentenced and the affirmance of

1 Petitioner's conviction on appeal. (Id., Exhibit N at 3). Petitioner's arguments were based
2 on Crawford v. Washington, 541 U.S. 36 (2004), which bars hearsay testimonial statements.
3 Petitioner asserted that his counsel was ineffective for failing to properly object to the use
4 the sheriff's booking records in light of a Crawford confrontation clause analysis. The trial
5 court summarily dismissed the petition for post-conviction relief. (Id., Exhibit Q).
6 Petitioner's petition to review the trial court's dismissal was never received by the Arizona
7 Court of Appeals and, thus, was never filed. (Traverse, Dkt. #13, Exhibit 4).

8         Thereafter, Petitioner filed the pending petition for writ of habeas corpus. (Dkt. #1).
9 Petitioner asserts the following grounds of relief: (1) the State failed to disclose a copy of the
10 cashier's check prior to trial; (2) ineffective assistance of appellate counsel on direct appeal
11 based on (a) the best evidence rule, (b) non-disclosure of the stolen check, and (c) failure to
12 file a reply or adequately brief the appeal; and (3) use of the prior conviction to enhance his
13 sentence was a violation of the double-jeopardy clause. Respondents filed their Answer on
14 January 25, 2006, arguing that all three of Petitioner's claims were unexhausted and
15 procedurally defaulted. (Dkt. #11). Petitioner filed a Traverse (Dkt. #13) stating that any
16 procedural default should be excused on his showing of cause and prejudice. Petitioner
17 asserts that the cause for his procedural default was: (1) Petitioner was not given adequate
18 time to file his *pro se* petition for review to Arizona Supreme Court on direct appeal; (2)
19 appellate counsel provided erroneous advice that presentation to the Arizona Supreme Court
20 was not necessary to exhaust state remedies; (3) Petitioner's petition for review of the denial
21 of his post-conviction relief petition was lost in the mail. (Dkt. #13 at 2-3). Petitioner asserts
22 that he suffered actual prejudice because: (1) the trial court's admission of the cashier's check
23 into evidence, despite the prosecutions failure to disclose it prior to trial, altered the outcome
24 of the trial and sentence (Dkt. 13 at 3-4); (2) prior disclosure of the cashier's check would
25 have given Petitioner the ability to show that the check produced at trial was not the check
26 taken from Petitioner at the time of his arrest (Id. at 4). Additionally, Petitioner argues that
27 his actual innocence should excuse his procedural default. (Id. at 4-5.)

28

1  In reviewing Petitioner's claim for relief, Magistrate Irwin concludes that Petitioner
2 states no claim for relief. Petitioner offers objections, but the objections do not directly
3 address the Report and Recommendation and are, therefore, meritless.

**III.    Application of Law to Facts**

    **A.    Failure to Exhaust State Remedies**

Under 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for habeas relief, the prisoner must have exhausted his remedies in state court. See Coleman v. Thompson, 501 U.S. 722, 731 (1991). To exhaust one's remedies in Arizona, a petitioner must first raise a claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief. Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). Moreover, a petitioner must alert the state courts to the federal nature of the claim in order to give the courts a fair opportunity to apply controlling legal principles. 28 U.S.C. § 2254; see Baldwin v. Reese, 541 U.S. 27, 27 (2004) (describing fair presentment); Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), *amended by,* 247 F.3d 904 (9th Cir. 2001) (holding that fair presentation requires the petitioner make explicit the federal basis of the claim and cite supporting law). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" Castillo v. McFadden, 399 F.3d 993, 998 (9th Cir. 2005) (quoting Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999)).

    **1.    Failure to Fairly Present Federal Claims to State Courts**

In the present case, Petitioner did not fairly present his federal claims to the Arizona appellate courts. For Ground I (failure to disclose), Petitioner did not raise this claim on direct appeal or in the post-conviction relief ("PCR") proceedings. For Ground II (ineffective assistance of counsel), Petitioner's PCR petition did assert ineffective assistance of counsel; however, the PCR petitioner was limited to a Crawford attack on the admissibility of the booking records. Petitioner failed to file his petition for review from the denial of his PCR petition. For Ground III (double jeopardy), Petitioner first made a double jeopardy claim on direct appeal when he argued that if the matter was remanded for re-sentencing the state

- 4 -

should not be given a second chance to prove the prior conviction pursuant to the double-jeopardy clause. (Exhibit F, Opening Brief at 19). The direct appeal claim made is not the claim made here, where the Petitioner argues that consideration of the prior conviction at sentencing violated the double-jeopardy clause.

Accordingly, Petitioner did not fairly present his federal claims to Arizona courts, and, thus, all of Petitioner's grounds for relief were not properly exhausted.

### B. Petitioner Cannot Demonstrate That Review is Still Warranted Despite Procedural Default

Petitioner has procedurally defaulted his claims because of his failure to exhaust his federal claims in state court. Cassett v. Steward, 406 F.3d 614, 621 n.5 (9th Cir. 2005); see also Teague v. Lane, 489 U.S. 288, 297–99 (1989) (stating that under state court's procedural rules the procedural default arises because a return to state court to exhaust the claim would be futile). Under the Arizona Rules of Criminal Procedure, Petitioner is precluded from seeking further state review because the filing deadline has expired. Ariz. R. Crim. P. 32.4(a) (stating that a prisoner must file a notice for petition of post-conviction relief "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in direct appeal, whichever is later."). Additionally, none of these claims fall within any of the narrow exceptions to the timely filing requirement. See Ariz. R. Crim. P. 32.1(d)-(h).

Petitioner has also failed to demonstrate why his procedurally barred claims still warrant a federal habeas review. Although Petitioner argues that he has good cause for his failure to exhaust his state remedies, Petitioner has not effectively demonstrated: (1) cause for the default and actual prejudice suffered; or (2) that the failure to review the claims would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 724; Wainwright v. Sykes, 433 U.S. 72, 87 (1977).

#### 1. Cause and Prejudice

Petitioner has not effectively demonstrated cause for the procedural default nor has Petitioner demonstrated any actual prejudice suffered.

- 5 -

(a)     Time For Petition for Review

Petitioner claims that he failed to exhaust his state court remedies because he was not given adequate time to file his *pro se* petition for review to the Arizona Supreme Court on direct appeal. Petitioner argues that, although he had over fifty days to prepare his petition for review, this time was inadequate because of his *pro se* status and the limited legal resources available to Arizona prisoners. However, during this time frame, Petitioner was able to prepare and file his Notice for Post-Conviction Relief. Petitioner's failure to file his petition for review to the Arizona Supreme Court is not the reason his claim is unexhausted. Petitioner is not required to present his claims to the Arizona Supreme Court for exhaustion purposes, but Petitioner did not raise this claim before the Arizona Court of Appeals as required. See Swoopes, 196 F.3d at 1010; State v. Youngblood, 844 P.2d 1152, 1154, 173 Ariz. 502, 504 (1993).

With respect to Ground II (ineffective assistance of counsel), Petitioner could have properly raised it in his PCR proceeding, but Petitioner did not. Thus, the alleged limited time given to Petitioner did not cause Petitioner to fail to exhaust his claims.

(b)     Erroneous Advice on Exhaustion

Petitioner argues that he failed to exhaust his claims because of appellate counsel's advice that he was not required to present his claims to the Arizona Supreme Court in order to exhaust his state remedies. Castillo and Swoopes clearly illustrate that presentation to the Arizona Supreme Court is, in fact, not required. Therefore, counsel's advice was correct.

(c)     Lost Petition for Review

Finally, Petitioner asserts that he has shown cause by the fact that his petition for review of the denial of his PCR petition was lost in the mail. Even if the petition for review was lost in mail, Petitioner did not seek a delayed filing of the petition after learning it had been lost. More importantly, the petition for review is limited to the issues raised in his PCR petition, which did not address the issues raised in this habeas proceeding. Accordingly, even if the petition had been filed, it would not have exhausted Petitioner's claims.

(d)     Summary: No Cause and Prejudice

- 6 -

Petitioner presents no cause that precluded him from properly exhausting his state remedies. The question of "actual prejudice" need not be considered. See Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982).

### (2)   **Fundamental Miscarriage of Justice**

Petitioner has failed to demonstrate that a fundamental miscarriage of justice has resulted from a constitutional violation, resulting in the conviction of an innocent person. Casey v. Moore, 386 F.3d 896, 921 (9th Cir. 2004). Petitioner has not provided any "colorable showing of factual innocence" to supplement his constitutional claim. See Herrera v. Collins, 506 U.S. 390, 404 (1993) (holding that the "fundamental miscarriage of justice" exception to procedural defaults applies only where a prisoner provides evidence of actual innocence). Instead, Petitioner asserts that the check entered into evidence was not the actual check found on Petitioner at the time of arrest. Petitioner offers no evidence to show that he did not, in fact, steal the check from the victim. Petitioner fails to establish that no reasonable jury could have convicted him. Consequently, Petitioner's procedural default is not overcome on the basis of his actual innocence.

### C.   **Summary**

None of Petitioner's grounds for relief were properly exhausted, and they are all now procedurally defaulted. Petitioner has failed to demonstrate cause for his procedural default or that a fundamental miscarriage of justice would result by failing to review his claims.

Having reviewed the Report and Recommendation of Magistrate Judge Irwin, and for the reasons set forth above, the Court hereby incorporates and adopts the Magistrate's Report and Recommendation.

**Accordingly,**

**IT IS HEREBY ORDERED** the Court adopts the Report and Recommendation of Magistrate Judge Irwin. (Dkt. #14).

**IT IS FURTHER ORDERED** overruling Petitioner's objection to the Report and Recommendation. (Dkt. #15).

1    **IT IS FURTHER ORDERED** denying Petitioner's writ of habeas corpus pursuant
2    to 28 U.S.C § 2254. (Dkt. #1).   The Petition is dismissed with prejudice.
3    **IT IS FURTHER ORDERED** directing the Clerk to enter Judgment accordingly.
4    DATED this 20th day of December, 2006.

Mary H. Murguia<br>
United States District Judge